UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAJIMAN HAFIZ,

    Plaintiff,

       v.

METROPOLITAN LIFE INSURANCE,

    Defendant.
_____/

No. C 07-2114 PJH

**ORDER RE PROTECTIVE ORDER FOR SEALED AND CONFIDENTIAL DOCUMENTS**

       The parties have submitted for the court's approval, a stipulation and order for protective order to protect confidential information that may be produced during discovery. Included in this proposed order is a provision permitting the parties to file under seal any pleading, motion paper, deposition transcript or other filed document that includes material designated by the filing party as confidential. The court approves the protective order insofar as it sets forth how the parties shall treat confidential information.

       However, the court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civil L. R. 79-5 and Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). Nor will the court approve a protective order containing a provision for how confidential documents will be treated by the court when used in conjunction with dispositive motions or at trial. See Kamakana v. City of Honolulu, 447 F.3d 1172 (9th Cir. 2006). See also Standing Order For Cases Involving Sealed or Confidential Documents.

       Federal Rule of Civil Procedure 26(c) requires the court to determine whether good cause exists to seal any part of the record of a case. Additionally, if the sealing is sought in

connection with a dispositive motion or trial, the showing required is "the most compelling of reasons." Accordingly, no document shall be filed under seal, without a court order, narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above. In making any such request, parties shall comply with the procedures set forth in Civil L. R. 79-5 and in this court's standing order referred to above, which also sets forth the requirements for maintaining the confidentiality of documents used in motion practice and at trial.

      The parties shall revise and resubmit the proposed order in accordance with this order.

**IT IS SO ORDERED.**

Dated: July 8, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge